UNITED STATES DISTRICT COURT
Southern District of Florida

Case No. _____-Civ- Judge

FILED by _PG_ D.C.
DEC 2 1 2015
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

----------------------------------------------------

SUSAN LEVY,

       Plaintiff,

vs.

**JURY TRIAL REQUESTED**

15-CV-24686-Ungaro/Otazo-Reyes

NCL (BAHAMAS) Ltd. d/b/a NORWEGIAN
CRUISE LINES, d/b/a NCL GETAWAY,
NCL CORPORATION, LTD.

       Defendants.

----------------------------------------------------

## COMPLAINT

Plaintiff, Susan Levy, pro se, brings this action against Defendants, NCL (Bahamas) Ltd. d/b/a/ NORWEGIAN CRUISE LINES, d/b/a NCL GETAWAY, and NCL CORPORATION, LTD., for damages and as grounds therefore states the following:

### JURISDICTION AND VENUE

1. Plaintiff Susan Levy is a resident of the State of New York.

2. Defendant NCL (BAHAMAS) LTD. is a Bermudian Corporation with it s principal place of business in Miami, Florida at 7665 Corporate Center Drive, Miami, Florida 33126.

3. Defendant NCL (Bahamas) Ltd. is doing business as NCL GETAWAY and NORWEGIAN CRUISE LINES.

-1-

4. Defendant NCL CORPORATION, LTD., is a foreign corporation doing business in the State of Florida with its principal place of business in Miami, Florida at 7665 corporate Center Drive, Miami, Florida 33126.[1]

5. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1332, as the claims set forth herein are between diverse parties and the amount in controversy is in excess of $75,000.00.

6. This Court has Maritime jurisdiction pursuant to 28 U.S.C. 1333 because this accident happened on the high seas.

7. Venue is based on a Forum Selection clause printed in the passenger ticket.

8. At all times hereinafter mentioned, NCL (BAHAMAS), LTD. was and is doing substantial business in Miami-Dade County, State of Florida through its common ownership, management, and/or operation of various passenger cruise ships out of Miami, Florida, and which passenger cruise ships sailed to various ports with fare paying passengers such as Plaintiff SUSAN LEVY.

9. At all times hereinafter mentioned, NCL CORPORATION, LTD. was and is doing substantial business in Miami-Dade County, State of Florida through its common ownership, management, and/or operation of various passenger cruise ships out of Miami, Florida, and which passenger cruise ships sailed to various ports with fare paying passengers such as Plaintiff SUSAN LEVY.

10. At all times hereinafter mentioned, NCL (BAHAMAS), LTD. owned the ship

---

[1] Defendants NCL (Bahamas), Ltd. and NCL Corporation. Ltd. are collectively referred to as ("NCL")

known as the NCL GETAWAY.

11. At all times hereinafter mentioned, NCL (BAHAMAS), LTD. controlled the ship known as the NCL GETAWAY.

12. At all times hereinafter mentioned, NCL CORPORATION, LTD. owned the ship known as the NCL GETAWAY.

13. At all times hereinafter mentioned, NCL CORPORATION, LTD. controlled the ship known as the NCL GETAWAY

14. On December 29, 2014, Plaintiff, MS. SUSAN LEVY was a fare-paying passenger and invitee aboard NCL's passenger cruise ship, GETAWAY. On this date, Ms. Levy was walking into the dining room at the Tropicana Restaurant on board the GETAWAY, when an unsecured tray holder that was folded against the mirrored wall of the Tropicana Restaurant suddenly fell heavily onto Ms. Levy's right foot and right toes.

15. During the time of Ms. Levy's accident, there were crew members there who witnessed this accident and assisted Ms. Levy after the heavy and unsecured object fell heavily onto Ms. Levy's right foot and right toes.

16. At all times hereinafter mentioned, NCL (Bahamas) Ltd. through their employees and agents breached its duty to Ms. Levy by failing to maintain the dining room area including this tray holder in a reasonably safe condition under the circumstances.

17. At all times hereinafter mentioned, NCL CORPORATION, LTD., through their employees and agents breached its duty to Ms. Levy by failing to maintain the Tropicana dining room area including this tray holder in a reasonably safe condition under the circumstances.

18. At all times hereinafter mentioned, NCL (BAHAMAS) LTD., through their employees and agents breached its duty to Ms. Levy by failing to maintain the Tropicana dining room area including this tray holder in a reasonably safe condition under the circumstances.

19. At all times hereinafter mentioned, upon information and belief, defendants through their agents, servants and/or employees negligently maintained the conditions that caused plaintiff, Susan Levy's accident.

20. That said occurrence took place solely and wholly as a result of the defendants', their agents, servants and/or employees negligence and due to no fault or lack of care on the part of the plaintiff, SUSAN LEVY.

21. On the day of the accident, Ms. Levy received medical attention from the ship's physician on board NCL's passenger ship, the GETAWAY.

22. Plaintiff, SUSAN LEVY, gave timely written notice of this incident to defendants' crew and shipboard medical personnel on the date of this incident, and an accident report was taken by the GETAWAY crew on the date of the accident.

23. Plaintiff, SUSAN LEVY, also gave proper written notice to defendants by timely sending them a Written Notice of Claim on             prior to commencing the instant law suit.

24. All Condition precedents to bringing this action have been completed, upon information and belief.

## COUNT I
## NEGLIGENCE

18. Ms. Levy re-alleges each and every aforesaid allegation in paragraphs 1 through 24, and further alleges:

25. NCL (BAHAMAS), LTD., its agents, and/or employees had a duty to operate and maintain its passenger ship THE GETAWAY, in a reasonably safe condition under the circumstances, and to warn of and correct any dangerous or defective conditions of which NCL knew or should have known existed or which it created in or near the area where MS. LEVY was injured.

26. NCL CORPORATION, LTD., its agents, and/or employees had a duty to operate and maintain its passenger ship THE GETAWAY, in a reasonably safe condition under the circumstances, and to warn of and correct any dangerous or defective conditions of which NCL knew or should have known existed or which it created in or near the area where MS. LEVY was injured.

27. NCL (BAHAMAS), LTD., by its agents, and/or employees, owed a duty of reasonable care under the circumstances to MS. LEVY, a fare-paying passenger aboard NCL's passenger cruise ship, THE GETAWAY.

28. NCL CORPORATION, LTD., by its agents, and/or employees, owed a duty of reasonable care under the circumstances to MS. LEVY, a fare-paying passenger aboard NCL's passenger cruise ship, THE GETAWAY.

29. NCL (BAHAMAS), Ltd., its agents, and/or employees was/were negligent and breached the duty of reasonable care under the circumstances owed to Ms. Levy in that it/they:

   a. Negligently failed to maintain said vessel, and more particularly, the dining

-5-

room area of the Tropicana Restaurant where Ms. Levy was entering, in a reasonably safe condition by allowing a folded tray stand to be placed in an unsecured fashion along a wall where passengers were walking by to get to their dinner tables.

  b. Negligently failed to warn MS. LEVY about the unsecured tray stand folded along the wall which created a dangerous condition for the passengers including MS. LEVY and was bound to fall when a wave caused the ship to sway.

  30. NCL CORPORATION, LTD., its agents, and/or employees was/were negligent and breached the duty of reasonable care under the circumstances owed to Ms. Levy in that it/they:

  a. Negligently failed to maintain said vessel, and more particularly, the dining room area of the Tropicana Restaurant where Ms. Levy was entering, in a reasonably safe condition by allowing a folded tray stand to be placed in an unsecured fashion along a wall where passengers were walking by to get to their dinner tables.

  b. Negligently failed to warn MS. LEVY about the unsecured tray stand folded along the wall which created a dangerous condition for the passer-Byers including MS. LEVY and was bound to fall when a wave caused the ship to sway.

  31. NCL (BAHAMAS), LTD, its agents, and/or employees had actual notice of the dangerous condition.

  32. NCL CORPORATION, LTD, its agents, and/or employees had actual notice of the dangerous condition.

  33. NCL (BAHAMAS). LTD., its agents, and/or employees had constructive notice of this dangerous condition because such condition existed for a sufficient period of time

that Defendants had time discover the condition and fix it.

34. NCL CORPORATION. LTD., its agents, and/or employees had constructive notice of this dangerous condition because such condition existed for a sufficient period of time that Defendants had time discover the condition and fix it.

35. NCL (BAHAMAS), LTD, its agents and/or employees created this dangerous condition by placing the folded tray stand against the wall unsecured, and by failing to open it or tie it down, since it would be reasonable to anticipate the swaying of this seaworthy vessel which was sailing in the Carribean waters at a normal rate of speed when this accident occurred.

36. NCL CORPORATION, LTD, its agents and/or employees created this dangerous condition by placing the folded tray stand against the wall unsecured and by failing to open it or tie it down, since it would be reasonable to anticipate the swaying of this seaworthy vessel which was sailing in the Carribean waters at a normal rate of speed when this accident occurred.

37. Notwithstanding defendants's duty as aforesaid, the defendants jointly and severally, breached its duty by unreasonably:

    a. failing to properly and safely maintain the dining room area of the ship

    b. Failing to properly and safely warn plaintiff of the dangers in the dining area

    c. Failing to take reasonable precautions to protect passengers including Ms. Levy from this dangerous condition.

38. As a result of the foregoing, Plaintiff was injured when the tray holder fell heavily onto her right foot and toes.

39. At all times hereinafter mentioned, Plaintiff, SUSAN LEVY, was acting with

due care for her own safety.

40. By reason of the Plaintiff's injuries, the plaintiff, SUSAN LEVY, suffered great physical and mental pain and suffering.

41. As a result of the negligence of the Defendants as aforesaid, the Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom incurring medical expenses and physical handicap and loss of the ability to enjoy life.

42. Said personal injuries including a painful right foot and right toes are permanent and continuing in nature and Plaintiff shall continue to suffer such losses and impairments in the future.

43. Further Plaintiff does not know the future cost of care and treatment of said injuries and therefore prays leave to amend this complaint to show the full value when more is ascertained.

## COUNT II-RES IPSA LOQUITUR

44. Plaintiff repeats and re-alleges each and every allegation stated in paragraphs 1 through 43 above.

45. The accident described by Plaintiff could not have happened in the absence of negligence

46. At all times hereinafter mentioned, the folded tray stand that caused this accident which was leaning against the ship's wall was in the exclusive control of defendants' Crew members of the NCL GETAWAY who intended to use the tray stand to place large round

trays of food to be served to the GETAWAY guests.

47. At all times hereinafter mentioned, that the falling of the tray stand which was leaning against the ship's wall could not have happened in the absence of due care exercised by the Ship's employees, agents or servants herein.

48. At all times hereinafter mentioned, there were no contributing causes by Plaintiff or other members of the public in causing the folded tray holder to fall from the wall and onto Plaintiff's right foot at the time of this accident.

49. Therefore, a presumption of negligence exists, shifting the burden to defendants to disprove the happening of this accident for any other reasons other than negligence.

## JURY TRIAL REQUESTED

50. Plaintiff hereby requests a jury trial.

**WHEREFORE**, Plaintiff prays for a judgment against the defendant(s) for damages on the First and Second Counts and with respect to both counts plaintiff prays for costs of suit, and other such further relief as the Court may deem just and proper.

Dated: December 16, 2015

>Susan J. Levy
>Plaintiff Pro Se
>165 West 66th Street
>Apt. 7B
>New York, New York 10023
>(917) 655-7207
>
>*Susan Levy*
>Susan Levy